IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TIFFANY COLLEY, as Mother and Next
Friend of J.C., a minor                                    PLAINTIFF

v.                                          CAUSE NO. 1:14CV194-LG-JMR

FORD MOTOR COMPANY; GOODYEAR
TIRE & RUBBER COMPANY; GOODYEAR
CANADA, INC.; SELECT ONE AUTO
REPAIR, INC.; CARS INC. II OF BILOXI;
and JOHN DOES 1-36                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING SELECT ONE
AUTO REPAIR'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Remand [28] filed by the plaintiff,

Tiffany Colley, and the Motion to Dismiss [26] filed by Select One Auto Repair, Inc.

After reviewing the submissions of the parties, the record in this matter, and the

applicable law, the Court finds that Motion to Remand should be granted, and the

Motion to Dismiss should be denied.

## FACTS

In her Complaint, Tiffany Colley alleges that she purchased a 2003 Ford

Explorer from Select One.  (Compl. at 3, 10, ECF No. 1-2).  The vehicle was

equipped with Goodyear Eagle tires.  (*Id.* at 3).  Colley took the vehicle to Select

One for repair of the "right rear wheel" on March 26, 2012.  Approximately nine

days later, the tread separated on the right rear tire, which caused Colley to lose

control of the vehicle.  (*See id.* at 10; Pl.'s Mot., Ex. A at 1, ECF No. 28-1).  The

vehicle rolled over, and Colley's minor son, J.C., was ejected from the vehicle.  (*Id.*)

J.C. suffered serious injuries, including amputation of his left foot.  (*Id.*)  On her son's behalf, Colley filed this lawsuit in Harrison County Circuit Court, attempting to assert claims against Ford, Goodyear, Select One, and numerous John Doe defendants.

The Goodyear defendants removed the case to this Court on the basis of diversity jurisdiction.  Colley is a citizen of Georgia.  Goodyear Canada is a citizen of Canada, and Goodyear Tire and Rubber is a citizen of Ohio.  Ford is a Delaware Corporation.  Select One is a Mississippi corporation.  Although removal is not typically permissible when a Mississippi defendant is named in a lawsuit, the defendants argue that Select One's citizenship should be disregarded for purposes of determining jurisdiction, because Select One was improperly joined as a defendant. See 28 U.S.C. § 1441(b)(2).

Colley has attempted to assert negligence, failure to warn, gross negligence, and breach of warranty claims against Select One.  She claims that Select One should not have sold a vehicle equipped with the Goodyear Tire at issue, and that Select One breached its duty to warn Colley of the condition and age of the tire and it failed to recommend replacement of the tire.  She also claims that the repairs performed approximately nine days before the accident were negligent.

After the case was removed to this Court, Select One filed a Motion to Dismiss, and Colley filed a Motion to Remand.  Select One filed a response to the Motion to Remand, arguing that the Ford Explorer at issue was sold by Cars, Inc. II of Biloxi, not Select One.  Colley filed an Amended Complaint, naming Cars Inc.

II as a defendant and attempting to clarify her claims against Select One for negligent repair.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  The issues before the Court are: (1) whether Select One is improperly joined; (2) the effect, if any, of the Amended Complaint on this Court's jurisdiction; and (3) whether the amount in controversy is satisfied.

The Court will first address the issue of improper joinder.  The Fifth Circuit has explained:

> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity.  *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined."  *Id.*  Thus, "the focus of the inquiry must be on the joinder, not on the merits of the plaintiffs' case."  *Id.*  The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one.  *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).  To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).  When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has

demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant . . . ." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  Courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in cases in which a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a court may pierce the pleadings and conduct a summary inquiry.  *Id.* at 573-74.  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.*

The parties in the present case have submitted testimony and evidence, so that the Court can conduct a summary inquiry.  In its response to the Motion to Remand, Select One claims that it did not sell the tire at issue, and although it performed work on the right rear brakes of the vehicle just prior to the accident, it did not perform work on the right rear tire that failed.  Select One argues that Colley has no possibility of recovery against Select One because it never undertook a duty to inspect the tire at issue.

In an affidavit, Colley testifies that she bought the 2003 Ford Explorer in February 2012, and the tire at issue was mounted on the vehicle at that time.  (Pl.'s Mot., Ex. A at 1, ECF No. 28-1).  She claims that she took the vehicle to Select One for repair and inspection in March 2012 after the "right rear wheel locked up, started smoking, and caused a small fire."  (*Id.* at 2).  Select One replaced the rear

brakes.  (*Id.*)  Colley claims that she asked the mechanic if he inspected the tire, and he replied that "everything was fine with the tire."  (*Id.*)

The cases relied upon by Select One to oppose remand are distinguishable. For example, in *Boss v. Nissan North America*, 228 F. App'x 331(4th Cir. 2007), the court held that a company that performed an oil change on a vehicle did not undertake a duty to inspect the power steering fluid.  In the present case, however, Select One's work was performed in the very area of the tire that allegedly caused Colley's accident.  Colley alleges that she took the vehicle to Select One for repair and inspection of the "right rear wheel," that Select One replaced the right rear brakes, and that she was specifically reassured that "everything was fine" with the right rear tire approximately nine days before the tire tread separated.  As a result, Select One has not demonstrated that Colley has no possibility of recovery at this stage of the litigation.  Because the presence of Select One as a properly joined and served defendant prevents removal of this lawsuit, the Motion to Remand must be granted.  *See* 28 U.S.C. § 1441(b)(2).  It is not necessary for the Court to address the other, alternative issues raised by the parties.

## CONCLUSION

For the foregoing reasons, Colley's Motion to Remand is granted, and Select One's Motion to Dismiss is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [26] filed by Select One Auto Repair, Inc., is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to

Remand [28] filed by the plaintiff, Tiffany Colley, is **GRANTED**.  This lawsuit is hereby remanded to the Circuit Court of the First Judicial District of Harrison County, Mississippi.

 **IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

 **SO ORDERED AND ADJUDGED** this the 24th day of July, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE